Battle, J.
 

 The equity, which the complainant seeks to establish in this case, is based upon the allegations which he makes in relation to the purchase by the defendant, Denton Ijams, of the land in controversy from A. A. Harbin. The complainant avers that this purchase was made for his benefit, and that the purchaser ivas to take the title to himself, and to hold it only as a security for the purchase money, until he, the complainant, could pay the amount to him. The other defendant is alleged to have been a purchaser with notice, and therefore subject to the same equity that, attached to his vendor. In this aspect of the case, it is clear that the complainant cannot have the relief which he seeks, unless he can sustain his allegations as to the facts and circumstances attending the purchase by the defendant Ijams from A. A. Harbin;
 
 Foster
 
 v.
 
 Jones,
 
 2 D. and B. Eq., 201. But these allegations are all distinctly and positively denied in the answer of the defendant, Ijams. Such being the case, the usual result of a dissolution of the injunction must follow, unless it can be prevented by the objection that the other defendant, Booe, has not filed an answer to the bill.
 

 The general rule in injunction causes is, that all the par
 
 *41
 
 ties defendant must answer, before a motion to dissolve will' be entertained. But this rule may be dispensed.with under peculiar circumstances ;
 
 Ashe
 
 v. Hale, 5 Ire. Eq., 55;
 
 Wilson
 
 v.
 
 Hendricks,
 
 1 Jones Eq., 295. One,of the exceptional cases is, where the . party not answering is not. charged in the bill with any particular- knowledge of-the material facts alleged, and the party answering is so charged. . And more particularly is this so, when no- steps .have been taken to bring the non-answering..party into -court;
 
 Ashe
 
 v.
 
 Hale, supra.
 
 The-present case-is clearly within this exception. No proper means have been used to■ bring the defendant,. Booe, before- the eourt, and if there had been, he is not-charged with a. particular knowldge of the facts connected' with the purchase-by his .co-defendant. His answer could do no more than fix him. as a purchaser with notice, but could not in any way relieve the plaintiff from the effect of the full, distinct and positive denials of the other defendant.
 

 Per Curiam.
 

 Ordered accordingly. .